United States District Court
Southern District of Texas
**ENTERED**
October 30, 2020
David J. Bradley, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| ALL-TEX STAFFING & PERSONNEL INC, <br> Appellant, <br><br> vs. <br><br> SARAH ROMO-TORRES, SYLVIA ROMO, and MOMENTUM STAFFING SOLUTIONS LLC, <br> Appellees. | § § § § § § § § § § § § § § | Civil Action No. <br> 4:19-cv-01479 <br><br><br> Judge Charles Eskridge |

### Memorandum and Opinion
### Affirming the Judgment of the Bankruptcy Court

Appellant All-Tex Staffing and Personnel Inc appeals from the denial of its Rule 60(b)(3) motion to set aside an order approving a settlement concluded during its bankruptcy proceeding.

The memorandum and opinion by the bankruptcy court found that the motion by All-Tex was untimely under Rule 60(c) of the Federal Rules of Civil Procedure. Dkt 4-2 at 74–80. Its judgment is affirmed on that basis.

    1. Background

All-Tex is an employment-staffing business. It previously employed Appellee Sarah Romo-Torres. It terminated her on suspicion that she was diverting clients to Appellee Momentum Staffing Solutions, LLC. Appellee Sylvia Romo is the mother of Romo-Torres. Romo also owns Momentum. Dkt 4 at 69–70, 291, 387, 443–44; Dkt 4-1 at 622.

All-Tex filed suit against Appellees in November 2016 in the 281st Judicial District of Harris County, Texas. It brought claims

for breach of fiduciary duty, breach of contract, tortious interference with contract and business relationships, and misappropriation of intellectual property. All-Tex filed for bankruptcy protection under Chapter 11 in February of 2017. It then removed the instant dispute to the bankruptcy court as an adversarial proceeding. Dkt 4 at 1, 4, 65–83.

The bankruptcy court held hearings in April and May of 2017 on Appellees' motion for a temporary restraining order. Romo-Torres initially testified that she never sent clients to or otherwise had any dealings with Momentum, which she said was operated only by her mother. Romo-Torres on a later day recanted that testimony. She admitted to receiving money from Romo, to referring clients to Momentum, and to assisting with its business. But she continued to deny being employed by Momentum while still working for All-Tex. Dkt 4-2 at 222–23.

The parties filed a notice of settlement of the adversary proceeding in December 2017. This included agreement by Appellees to pay All-Tex a total of $200,000 in sixty monthly installments. All-Tex moved to dismiss its bankruptcy proceeding and all related disputes in April 2018. The bankruptcy court granted the motion in May 2018. Dkt 4-2 at 228–30.

All-Tex moved in November 2018 pursuant to Rule 60(b)(3) to set aside the order approving the settlement. The bankruptcy court held an evidentiary hearing on the motion and considered post-hearing briefs. All-Tex argued among other things that it was highly influential to its bargaining position that Romo-Torres testified that she didn't work at Momentum while employed by All-Tex. Id at 231–32; Dkt 8 at 14.

It is pertinent in this regard that Romo-Torres has a LinkedIn profile. It is undisputed that All-Tex reviewed her profile in early April 2018. The bankruptcy court found that the profile represented that Romo-Torres was the president and chief executive officer of Momentum and that she had held these roles since May 2016. Dkt 4-2 at 188. It did so in part because the owner and president of All-Tex testified that he also learned in April 2018 that Romo-Torres' employment with All-Tex and Momentum overlapped. See id at 188–94.

The bankruptcy court denied the Rule 60(b)(3) motion for three reasons. It first found that the motion was untimely. It also found that the motion was barred by principles of judicial estoppel. And it finally found that All-Tex failed to meet the requisite clear and convincing evidentiary burden.

All-Tex appeals the order. Id at 261. It contests among other things the factual finding by the bankruptcy court regarding the content of the LinkedIn profile as of April 2018.

2. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief "from a final judgment, order, or proceeding" for certain enumerated reasons. Rule 60(b)(3) relates to an opposing party's fraud, misrepresentation, or misconduct. This requires the movant to establish by clear and convincing evidence not only that the adverse party engaged in fraud or other misconduct, but also that this misconduct prevented the movant from fully and fairly presenting its case. *Hesling v CSX Transportation, Inc*, 396 F3d 632, 641 (5th Cir 2005) (citations omitted). A party may challenge a settlement agreement through a Rule 60(b) motion. *California Dive International, Inc v Schmidt*, 639 F Appx 214, 216 (5th Cir 2016) (*per curiam*).

Rule 60(c)(1) requires a Rule 60(b) motion to be brought in a timely fashion. If there is delay, the determination whether to excuse it "is at bottom an equitable [consideration], taking account of all the relevant circumstances surrounding the party's omission." *In re Osborne*, 379 F3d 277, 284 (5th Cir 2004), quoting *Pioneer Investment Services Co v Brunswick Associates LP*, 507 US 380, 385 (1993); see also Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (3d ed 2012).

The decision to grant a Rule 60(b) motion is "within the sound discretion of the trial court." *Diaz v Methodist Hospital*, 46 F3d 492, 496 (5th Cir 1995), citing *Montgomery v Hall*, 592 F2d 278, 279 (5th Cir 1979). A reviewing court on appeal shouldn't overturn the decision of the bankruptcy court absent an abuse of discretion. *Diaz*, 46 F3d at 496, citing *Johnson v Offshore Exploration, Inc*, 845 F2d 1347, 1359 (5th Cir), cert denied, 448 US 968 (1988). This standard is "highly deferential." *First RepublicBank Fort Worth v Norglass, Inc*, 958 F2d 117, 119 (5th Cir 1992). A bankruptcy

3

court abuses its discretion when it applies an improper legal standard or bases its decision on clearly erroneous findings of fact. *In re Crager*, 691 F3d 671, 675 (5th Cir 2012).

### 3. Analysis

The bankruptcy court denied the motion to dismiss by All-Tex on three independent grounds—that it was untimely, that it was also barred by judicial estoppel, and that it failed on the merits. All-Tex attacks each as an abuse of discretion. To the contrary, the bankruptcy court was well within its discretion to find the motion untimely. The other two grounds thus needn't be addressed.

The pertinent inquiry is whether the bankruptcy court abused its discretion by deeming the at-issue motion untimely. Rule 60(c)(1) states, "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." All-Tex did make its motion under Rule 60(b)(3) within one year of the ruling. The question, then, is whether the motion was still brought within a *reasonable time*.

Whether an interval constitutes a *reasonable time* depends upon the following considerations:

- *First*, the interests in finality;
- *Second*, the reason for delay;
- *Third*, the practical ability of the litigant to learn earlier of the grounds relied on; and
- *Fourth*, prejudice to others.

*Legion Insurance Co v Mega Interests Inc*, 78 F Appx 945, 946 (5th Cir 2003) (*per curiam*), quoting *Travelers Insurance Co v Lijeberg Enterprises, Inc*, 38 F3d 1404, 1410 (5th Cir 1994). All-Tex directly challenges only the analysis by the bankruptcy court on the second factor. See Dkt 8 at 24–29.

Analysis of *the reason for delay* seeks to determine if there is "any compelling reason" explaining the delay in seeking relief under Rule 60. *Shoemaker v Estis Well Service, LLC*, 122 F Supp 3d 493, 516 (ED La 2015). The Fifth Circuit holds that "the timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless

of the time that has elapsed since the entry of judgment." *In re Edwards*, 865 F3d 197, 208 (5th Cir 2017), quoting *First RepublicBank*, 958 F2d at 120.

The bankruptcy court determined the period of delay to have begun in April 2018, being the time All-Tex obtained and reviewed the LinkedIn profile of Romo-Torres. All-Tex filed its Rule 60 motion in November 2018. The bankruptcy court thus measured the delay to be eight months.

All-Tex attacks this finding of fact. It argues that it allegedly didn't learn of Romo-Torres' overlapping employment until July 2018. Dkt 8 at 24–25. It offered as evidence a printout of the LinkedIn page purporting to show a profile updated as of July 2018. Dkt 4-2 at 174–75. It argued that the page didn't show any overlap in employment prior to that. Dkt 8 at 24–25. It also offered testimony from its owner and president. See Dkt 4-2 at 188–91 (summary of testimony by the bankruptcy court). All-Tex argued this was sufficient to start the clock running in July 2018, reducing the delay to five months.

The bankruptcy court considered the printout, the testimony of All-Tex's owner and president, and the rest of the record. It expressly discredited this factual contention:

> The Court finds it disingenuous that the Debtor's [All-Tex's] Post-Hearing Brief asserts that the Debtor did not discover until July of 2018 that Romo-Torres' LinkedIn profile represented that she had been president of Momentum since May of 2016, when Patterson [the owner and president] himself testified . . . that he first learned of this information in early April of 2018.

Dkt 4-2 at 189 n 17; see generally id at 188–94.

This evidentiary finding isn't clearly erroneous. Indeed, the resolution of conflicting information—with the attendant determination which to find credible—is a fundamental prerogative of the trial court. The bankruptcy court weighed the credibility of witnesses and evidence by All-Tex. It then determined that All-Tex knew about Romo-Torres' employment at Momentum (and by extension, her alleged perjury) since April

5

2018. Dkt 4-2 at 202. And it then found that All-Tex failed to provide any good reason for its eight-month delay in bringing its Rule 60(b)(3) motion. Id at 204.

It bears mention that the bankruptcy court substantiated that many courts have denied Rule 60(b) motions where the movant failed to adequately explain a delay. Dkt 4-2 at 201–02; see also *Krishnan v JPMorgan Chase Bank, NA*, 2018 WL 7138385, *3 (ED Tex); *Limon v Double Eagle Marine, LLC*, 771 F Supp 2d 672, 677–80 (SD Tex 2011). When doing so, it cited numerous opinions that would establish unreasonable delay even if the point of measurement were from July 2018. These included examples of refusals to grant relief on intervals of three to four months down to as low as ten weeks. For example, see Dkt 4-2 at 201, citing *McLawhorn v John W Daniel & Co*, 924 F2d 535, 538 (4th Cir 1991); *Federal Lank Bank of St Louis v Cupples Brothers*, 889 F2d 764, 768 (8th Cir 1989). The ruling of the bankruptcy court would plainly have been no different if measured from the latter date, which ruling itself wouldn't have been clearly erroneous.

    4. Conclusion

A reviewing court is to be "highly deferential" to a trial court's decision that a Rule 60 motion is untimely. *First RepublicBank*, 958 F2d at 119.

The bankruptcy court was well within its discretion to conclude that an unexplained eight-month delay weighed in favor of denying the motion as untimely. And it was certainly entitled on the record before it to disbelieve All-Tex's factual contention that its delay was shorter.

The judgment of the bankruptcy court is AFFIRMED.

SO ORDERED.

Signed on October 30, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge